166 N.J. Super. 122 (1979)
399 A.2d 299
JOSEPH SCUGOZA, PLAINTIFF-RESPONDENT,
v.
ROBERT H. STOCKTON AND BEATRICE J. STOCKTON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1979.
Decided February 15, 1979.
Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Robert H. Stockton, appellant, argued the cause pro se.
Mr. Roger M. Kahn argued the cause for respondent (Messrs. Aronsohn, Kahn & Springstead, attorneys).
PER CURIAM.
We are satisfied that the issues presented in this appeal from a judgment of the county district court for *123 possession in a tenancy matter are without merit and we affirm.
One of the issues projected by defendants does, however, deserve comment. They urge in their first point of argument that absence of the statutory notice to quit deprived the trial court of jurisdiction to grant the challenged judgment for possession. Disposition of that argument is made on the basis of N.J.S.A. 2A:18-61.1(a) rather than N.J.S.A. 2A:18-61.1(j) as appellants suggest. N.J.S.A. 2A:18-61.2 expressly exempts evictions for nonpayment of rent under subsection 61.1(a) from the notice requirements imposed with respect to other grounds for eviction. Evictions under subsection 61.1(j) are authorized where the tenant "has habitually and without legal justification failed to pay rent which is due and owing." Attempted dispossession of a tenant under the latter section must be preceded by a notice complying with the requirements of N.J.S.A. 2A:18-61.2.
We read subsection 61.1(j) as authorizing eviction of a tenant who has been habitually and unjustifiably late in his rent payments after written notice to cease late payment has been given, and after the landlord "has made written demand and given written notice for delivery of possession of the premises." N.J.S.A. 2A:18-61.2. Hence, in such cases the tenant has paid his rent, albeit on a routinely late basis. In such cases, notice is required. Where, however, the tenant has failed entirely to pay the rent due and owing, as is the case here, eviction is available under section 61.1(a) and notice complying with N.J.S.A. 2A:18-61.2 is expressly excused thereby.
Plaintiff's motion to strike portion of defendants' appendix and for costs and counsel fees is denied.